FILED
CLERK

11:48 am, Aug 22, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KATHLEEN M. DIMARTINO,

                Plaintiff,

     -against-

NANCY A. BERRYHILL,
  Acting Commissioner of Social Security,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-678 (ADS) (AYS)

**APPEARANCES:**

**Law Office of Charles E. Binder and Harry J. Binder, LLP**
*Attorneys for the Plaintiff*
485 Madison Avenue, Suite 501
New York, NY 10022
      By:    Charles E. Binder, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
      By:    Candace Scott Appleton, Special Assistant United States Attorney

**SPATT, District Judge**:

On February 6, 2017, Kathleen M. DiMartino (the "Plaintiff" or the "Claimant") commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that she is ineligible to receive Supplemental Security disability insurance ("SSDI") benefits.

On February 28, 2018, the Court referred the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) to United States Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). On July

1

24, 2018, Judge Shields issued an R&R, recommending that the Court grant the Defendant's motion for judgment on the pleadings dismissing the Plaintiff's complaint, and deny the Plaintiff's corresponding motion for judgment in her favor. The R&R found that the ALJ did not err in affording partial weight to the opinions of the Plaintiff's treating physician; the ALJ appropriately concluded that the Plaintiff had the residual functional capacity to perform light work with few limitations; and that the Appeals Council appropriately considered the new evidence submitted.

Presently before the Court are the Plaintiff's objections to the R&R ("Dkt. 28"). As the Plaintiff merely repeats his initial arguments, the Court reviews the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.

## I. DISCUSSION

### A. Review of a Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is

apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

However, "[t]o the extent ... that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds*, 720 F. App'x 48 (2d Cir. 2018) (summary order). "The goal of the federal statute providing for the assignment of cases to magistrates is to 'increase the overall efficiency of the federal judiciary.'" *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (Former 5th Cir. 1982) (en banc)), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**B.  The Standard of Review in a Social Security Action**

"Judicial review of the denial of disability benefits is narrow" and "[t]he Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Koffsky v. Apfel*, 26 F. Supp. 2d 475, 478 (E.D.N.Y. 1998) (Spatt, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 179-81 (2d Cir. 1998));

*accord* 42 U.S.C. § 504(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). *See also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). The ALJ is required to set forth those crucial factors used to justify his or her findings with sufficient particularity to allow the district court to make a determination regarding the existence of substantial evidence. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Accordingly, "the reviewing court does not decide the case *de novo*." *Pereira v. Astrue*, 279 F.R.D. 201, 205 (E.D.N.Y. 2010) (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). Rather, "the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive," *id*. (citing 42 U.S.C. § 405(g)), and therefore, the relevant question is not "whether there is substantial evidence supporting the [claimant's] view"; instead, the Court "must decide whether substantial evidence supports *the ALJ's decision.*" *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) (emphasis in original). In this way, the "substantial evidence" standard is "very deferential" to the Commissioner, and allows courts to reject the ALJ's findings "'only if a reasonable factfinder would *have to conclude otherwise.*'" *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)). This deferential standard applies not only to factual determinations, but also to "inferences and conclusions drawn from such facts." *Pena v. Barnhart*, No. 01-cv-502, 2002 WL 31487903, at *7 (S.D.N.Y. Oct. 29, 2002) (citing *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)).

"Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burgess v. Astrue*, 537

F.3d 117, 127-28 (2d Cir. 2008) (quoting *Halloran*, 362 F.3d at 31); *accord Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 464, 95 L. Ed. 456 (1951)).

An ALJ's findings may properly rest on substantial evidence even where he or she fails to "recite every piece of evidence that contributed to the decision, so long as the record 'permits [the Court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (quoting *Mongeur*, 722 F.2d 1033, 1040 (2d Cir. 1983)). This remains true "even if contrary evidence exists." *Mackey v. Barnhart*, 306 F. Supp. 2d 337, 340 (E.D.N.Y. 2004) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998)).

The Court is prohibited from substituting its own judgment for that of the Commissioner, even if it might understandably have reached a different result upon a *de novo* review. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *Koffsky*, 26 F. Supp. at 478 (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

## C. Application to the Facts of this Case

The Plaintiff's objections are identical to those in his initial motion for judgment on the pleadings pursuant to Rule 12(c) ("Dkt. 18"). A quick review of them reveals that she is attempting to "rehash[ ] [ ] the same arguments set forth in the original petition." *Toth*, 2017 WL 78483, at *7 (quoting *Ortiz*, 558 F. Supp. 2d at 451).

The Plaintiff's objections are thinly veiled restatements of his grounds for appeal. In fact, the Plaintiff copied and pasted many of his arguments from his initial motion, and most of the substance of those arguments. *Compare* Dkt. 18 at 9 ("Point I: The ALJ Failed to Properly Weigh the Medical Opinion Evidence and Failed to Properly Determine Ms. DiMartino's Residual Functional Capacity"), *with* Dkt. 28 at 2 ("Point I: The ALJ Failed to Properly Weigh the Medical Opinion Evidence and Failed to Properly Determine Ms. DiMartino's Residual Functional Capacity"). *Compare* Dkt. 18 at 11-12 ("The ALJ found insufficient 'objective' evidence to support Dr. Spinner's opinions that Ms. DiMartino's headaches can cause disabling limitations. However, migraine headaches are not documented by any alarming clinical examination findings or diagnostic tests. The Second Circuit has stated that when faced with such impairments, 'report of complaints, or history, is an essential diagnostic tool.'" (internal citations omitted)), *with* Dkt. 28 at 3 ("The Magistrate Judge fails to recognize, as did the ALJ, that migraines cannot be documented by any particular 'objective' diagnostic testing or even clinical examinations. The Second Circuit has stated that when faced with such impairments, 'report of complaints, or history, is an essential diagnostic tool.'" (internal citations omitted)). *Compare* Dkt. 18 at 13 ("However, even if the ALJ was not required to grant controlling weight to the opinions from the treating neurologist, SSR 96-2p provides that treating source opinions are still often entitled to deference when considered under the factors in 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ's failure to discuss these factors was highly prejudicial as they all weigh in favor of crediting the findings of the treating neurologist."), *with* Dkt. 28 at 5 ("Even if the ALJ did not err by refusing to give controlling weight the limitations described by Dr. Spinner, this is not the end of the required analysis of those opinions. SSR 96-2p states that medical opinions from treating sources are still ordinarily entitled to deference and are often entitled to the greatest weight and adopted after being

weighed under all of the relevant factors in 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ's decision fails to make clear if he weighed the opinions under these factors. This error is not harmless as even a casual review of those factors suggests crediting the opinions of the treating doctor."). *Compare* Dkt. 18 at 14 ("The ALJ did not cite any medical evidence or even persuasive non-medical evidence to support a conclusion Ms. DiMartino can perform light exertional work in a competitive work environment 8 hours a day, 40 hours a week on a sustained basis. This is reversible error."), *with* Dkt. 28 at 6 ("The ALJ did not cite any specific medical evidence or even persuasive non-medical evidence to support a conclusion Ms. DiMartino can perform light exertional work in a competitive work environment 8 hours a day, 40 hours a week on a sustained basis. This is reversible error."). *Compare* Dkt. 18 at 14 ("Point II: The ALJ Failed to Properly Evaluate Ms. DiMartino's Credibility"), *with* Dkt. 28 at 7 ("Point II: The ALJ Failed to Properly Evaluate Ms. DiMartino's Credibility"). *Compare* Dkt. 18 at 17 ("Point III: The Appeals Council Failed to Properly Consider New Evidence"), *with* Dkt. 28 at 7 ("Point III: The Appeals Council Failed to Properly Consider New Evidence"). *Compare* Dkt. 18 at 18 ("The Appeals Council's conclusion is a mischaracterization of the new evidence as Dr. Bressler specifically stated that the limitations she found for Ms. DiMartino were present prior to the date last insured. Although Dr. Bressler evaluated Ms. DiMartino after the date last insured, the neurologist's opinions were based not only on her examination, but also a review of Plaintiff's treatment records from the period at issue. The retrospective nature of the report based on medical findings from the period at issue cannot be ignored." (internal citations omitted)), *with* Dkt. 28 at 7-8 ("The Appeals Council's conclusion that the evidence is not relevant to the period at issue is a mischaracterization of the new evidence as Dr. Bressler specifically stated that the limitations she found for Ms. DiMartino were present prior to the date last insured. Although Dr. Bressler evaluated Ms. DiMartino after

the date last insured, the neurologist's opinions were based not only on her examination, but also a review of Plaintiff's treatment records from the period at issue. The retrospective nature of the report based on medical findings from the period at issue cannot be ignored." (internal citations omitted)).

The Plaintiff's attempt to relitigate the exact same issues decided by the Magistrate Judge is an improper objection. While she may disagree with the R&R's conclusions, this is not the procedural mechanism to rehash them. Accordingly, the Court finds that the Plaintiff's objections are improper and reviews the R&R for clear error. *See IndyMac Bank*, 2008 WL 4810043, at *1 ("To the extent … that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."). Pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, the Court has reviewed the R&R for clear error, and, finding none, fully concurs with Judge Shields' R&R. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

## II. CONCLUSION

The R&R is adopted in its entirety and the objections are denied. The Clerk of the Court is respectfully directed to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York

August 22, 2018

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge